**GEORGETOWN MANOR, INC.,** a Florida Corporation, Plaintiff–Counterclaim–Defendant–Appellee, Cross–Appellant,

George Levin, Plaintiff–Third–Party Plaintiff–Third Party–Defendant,

Classic Motor Carriages, Inc., a Florida Corporation, Thomasville Showcase Interiors, Inc., a Florida Corporation, Furniture Industries of Florida, Inc., a Florida Corporation, Plaintiffs,

Joe Krau, Counterclaim–Defendant,

v.

**ETHAN ALLEN, INC.,** a Delaware Corporation, Defendant–Counterclaim–Plaintiff–Third Party–Plaintiff–Appellant, Cross–Appellee,

Nathan Ancell, Defendant–Counterclaim–Plaintiff–Third Party–Plaintiff.

**GEORGETOWN MANOR, INC.,** a Florida Corporation, Plaintiff–Counterclaim–Defendant–Appellant, Cross–Appellee,

George Levin, Plaintiff–Third–Party–Defendant,

v.

**ETHAN ALLEN, INC.,** a Delaware Corporation, Defendant–Counterclaim–Plaintiff–Third Party–Plaintiff–Appellee, Cross–Appellant,

Nathan Ancell, Defendant–Counterclaim–Plaintiff–Third–Party Plaintiff,

Joe Krau, Counterclaim–Defendant,

Classic Motor Carriages, Inc., a Florida Corporation, Thomasville Showcase Interiors, Inc., a Florida Corporation, Furniture Industries of Florida, Inc., a Florida Corporation, Third Party Defendants.

Nos. 91–5343, 91–5600.

United States Court of Appeals, Eleventh Circuit.

March 17, 1995.

---

Ronald P. Weil, Robert Zarco, Weil, Lucio, Mandler, Croland & Steele, P.A., Miami, FL, Andrew L. Frey, Michael A. Vatis, Cynthia Tripi, Wendy Ackerman, Mayer, Brown & Platt, Washington, DC, Joel S. Perwin, Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., Miami, FL, for Ethan Allen.

Richard G. Daniels, Daniels, Kashtan & Fornaris, P.A., Coral Gables, FL, Richard F.

O'Brien, III, Hall, O'Brien & Sack, P.A., Miami, FL, for Georgetown Manor Inc.

Before HATCHETT and BLACK, Circuit Judges, and DYER, Senior Circuit Judge.

HATCHETT, Circuit Judge:

In our prior opinion in this case, published as *Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir.1993), we stated:

## CONCLUSION

We affirm the judgment of the district court in all respects on Ethan Allen's counterclaims. On Georgetown's tortious interference claim, we reject the various claims of error and affirm that portion of the judgment of the district court that awards Georgetown $285,000 in damages for its lost profits attributable to Ethan Allen's tortious interference with Georgetown's advantageous business relationships with those customers who had existing orders. We certify the loss of the value in Georgetown's business, including goodwill, question to the Florida Supreme Court. We affirm the judgment of the district court on Georgetown's other claims.

*Georgetown Manor*, 991 F.2d 1533, 1544 (11th Cir.1993).

As noted above, we certified to the Florida Supreme Court the following question:

Under Florida law, in a tortious interference with business relationships tort action, may a plaintiff recover damages for the loss of goodwill based upon future sales to past customers with whom the plaintiff has no understanding that they will continue to do business with the plaintiff, or is the plaintiff's recovery of damages limited to harm done to existing business relationships pursuant to which plaintiff has legal rights, as discussed in *Landry v. Hornstein*, 462 So.2d 844, 846 (Fla.

Title 18 U.S.C. § 1001, violations of which were charged in Counts II, III, V through XI, XIII and XIV, permits a maximum sentence of five years imprisonment. Title 22 U.S.C. §§ 2778(b) and (c), violations of which were charged in Counts IV and XII, permits a maximum sentence of ten years of imprisonment.

3d D.C.A.1985); *Douglass Fertilizers & Chemical, Inc. v. McClung Landscaping, Inc.,* 459 So.2d 335, 336 (Fla. 5th D.C.A. 1984); *Insurance Field Services, Inc. v. White & White Inspection and Audit Service, Inc.,* 384 So.2d 303, 306 (Fla. 5th D.C.A.1980); and *Lake Gateway Motor Inn v. Matt's Sunshine Gift Shops, Inc.,* 361 So.2d 769, 771–72 (Fla. 4th D.C.A. 1978)?

*Id.*

The Supreme Court of Florida has now answered the certified question stating:

> Turning to the instant case, it is clear that Georgetown was entitled to the damages reasonably flowing from Ethan Allen's interference with its existing business relationships. However, it is equally clear that Georgetown's relationship with its past customers was not one upon which a claim for tortious interference with a business relationship could be based. Georgetown had no identifiable agreement with its past customers that they would return to Georgetown to purchase furniture in the future. The mere hope that some of its past customers may choose to buy again cannot be the basis for a tortious interference claim.[1] Accordingly, Georgetown may not recover, in a tortious interference with a business relationship tort action, damages where the "relationship" is based on speculation regarding future sales to past customers.

*Ethan Allen, Inc. v. Georgetown Manor, Inc.,* 647 So.2d 812, (Fla.1994).

Accordingly, we reverse the district court's judgment for the loss of value in Georgetown's business, including good will, and remand the case to the district court for further proceedings consistent with the holding of the Florida Supreme Court and with this opinion.

REVERSED in part and REMANDED.

---

UNITED STATES of America, Plaintiff–Appellee,

v.

James Curtis BERNARD, Defendant–Appellant.

No. 92–8676.

United States Court of Appeals, Eleventh Circuit.

March 17, 1995.

---

1. We find the case of *Insurance Field Services, Inc. v. White & White Inspection & Audit Service, Inc.,* 384 So.2d 303 (Fla. 5th DCA 1980), upon which Georgetown heavily relies, to be distin- guishable. In that case, a company had been regularly performing underwriting inspections, premium audits, and loss control work for six- teen insurance company clients. The ongoing

Donald F. Samuel, Garland & Samuel, Atlanta, GA, for appellant.

Samuel A. Wilson, Jr., Asst. U.S. Atty., Macon, GA, for appellee.

Before HATCHETT and ANDERSON, Circuit Judges, and DYER, Senior Circuit Judge.

---

relationship with which the tortfeasor interfered there was far different than the one maintained by a retail furniture dealer with 89,000 past customers.